**Libertad QUINTANA, Plaintiff,**

**Jorge L. Quintana, Sr., Plaintiff–Appellant,**

v.

**Beverly SHIELDS, Delaware County Treasurer, Defendant–Appellee.**

**Docket No. 02–7741.**

United States Court of Appeals, Second Circuit.

March 13, 2003.

Jorge L. Quintana, Sr., Stamford, NY, for Appellant, pro se.

Richard B. Spinny, Delaware County Attorney, Stamford, NY, for Appellee.

PRESENT: MESKILL, CARDAMONE and CABRANES, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of March, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiffs appeal from a judgment of the District Court dated June 24, 2002 dismissing their claims, which they describe as arising under 42 U.S.C. § 1983.

In their amended complaint, plaintiffs Jorge L. Quintana and Libertad Quintana seek monetary damages, alleging, *inter alia,* that the defendant Beverly J. Shields, the Delaware County Treasurer (1) violated their rights to due process under the Fourteenth Amendment and their rights under New York State Real Property Tax Law § 1125 by failing to provide them with adequate notice of a state court foreclosure proceeding and (2) violated Jorge Quintana's right to equal protection under the Fourteenth Amendment by foreclosing on his property for reasons related to his disability.

In a Decision and Order filed on June 24, 2002, the District Court held that it was without jurisdiction to consider plaintiff's claims because the claims were "inextricably intertwined" with claims already litigated in the state court forfeiture proceeding and, therefore, could not be raised in federal court under the *Rooker–Feldman* doctrine. *Quintana v. Shields,* No. 02–CV–0653 (TJM)(GLS) (N.D.N.Y. June 24, 2002). For substantially the reasons stated by the District Court, we agree that plaintiffs' claims should be dismissed.

We have considered all of the plaintiffs' arguments. The judgment of the District Court is hereby AFFIRMED.